# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SPRINT PCS ASSETS, L.L.C., a
Delaware limited liability
company, wholly-owned by Sprint
Telephony PCS, LP, a Delaware
limited partnership,
              *Plaintiff-Appellee,*

              v.

CITY OF PALOS VERDES ESTATES, a
California municipality; CITY
COUNCIL OF THE CITY OF PALOS
VERDES ESTATES, its governing
body; JOSEPH SHERWOOD, in his
official capacity as Mayor Pro
Tem of the City of Palos Verdes
Estates; JOHN FLOOD, in his official
capacity as Councilmember of the
City of Palos Verdes Estates;
ROSEMARY HUMPHREY, in her
official capacity as
Councilmember of the City of
Palos Verdes Estates; DWIGHT
ABBOTT, in his official capacity as
Councilmember of the City of
Palos Verdes Estates; JAMES F.
GOODHART, in his official capacity
as Councilmember of the City of
Palos Verdes Estates,
              *Defendants-Appellants.*

No. 05-56106

D.C. No.
CV-03-00825-AHS
Central District
of California,
Santa Ana

ORDER
CLARIFYING
REQUEST THAT
THE SUPREME
COURT OF
CALIFORNIA
DECIDE A
QUESTION OF
CALIFORNIA
LAW

14989

Filed November 16, 2007

Before: Barry G. Silverman, Kim McLane Wardlaw, and
Jay S. Bybee, Circuit Judges.

---

**ORDER**

On May 8, 2007, we respectfully requested that the
Supreme Court of California decide the question of whether
California Public Utilities Code §§ 7901 and 7901.1 permit
public entities to regulate the placement of telephone equip-
ment in public rights of way on aesthetic grounds.

On August 15, 2007, pursuant to California Rule of Court
8.548(f)(5), the California Supreme Court requested that we
clarify our question in light of the significance, if any, of our
decision in *Sprint Telephony PCS, L.P. v. County of San
Diego, et al.*, 490 F.3d 700 (9th Cir. 2007).

We incorporate by reference our order of May 8, 2007.
Having reviewed our decision in *Sprint Telephony*, we
respectfully suggest that it does not answer the question of
California law that we certified for decision.

In *Sprint Telephony*, we considered whether the County of
San Diego's ("the County") wireless telecommunication ordi-
nance ("WTO") ran afoul of 47 U.S.C. § 253(a), which pre-
vents state or local regulations from effectively prohibiting
the ability of entities to provide telecommunications services.
The WTO created a four-tier system for granting wireless per-
mits, requiring an applicant to submit voluminous material
before the County would grant a conditional use permit.
Sprint PCS alleged that the WTO was so "onerous" as to
effectively prohibit the provision of telecommunication ser-
vices. Because neither party challenged the validity of the
WTO under California law, we only resolved questions of

federal law. We held in *Sprint Telephony* that the WTO was "outside the scope of permissible land use regulations because it has the effect of prohibiting wireless communication services" and on that basis concluded that § 253(a) preempted the WTO. *Id.* at 718.

This appeal presents two questions distinct from those answered in *Sprint Telephony*. First, we must answer whether California Public Utilities Code §§ 7901 and 7901.1 permit public entities to regulate the placement of telephone equipment in public rights of way on aesthetic grounds. Second, we must consider whether the zoning ordinances in question are permissible under federal law. However, we need reach this second question only if the zoning ordinances are valid under California state law. Only if the California Supreme Court were to decide that California Public Utilities Code §§ 7901 and 7901.1 allow aesthetic zoning would we be required to determine whether the aesthetic zoning in question is preempted by § 253(a).

For these reasons, we again certify to the Supreme Court of California the question of whether the California Public Utilities Code §§ 7901 and 7901.1 permit public entities to regulate the placement of telephone equipment in public rights of way on aesthetic grounds.

**IT IS SO ORDERED.**

---

KIM McLANE WARDLAW
Circuit Judge, U.S. Court of Appeals for
the Ninth Circuit

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.